IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MONTECA D. STRANGE, )
                                  ) Civil Action No. 2: 16-cv-00407
         Plaintiff, )
                                  ) United States Magistrate Judge
v. ) Cynthia Reed Eddy
                                  )
PENNSYLVANIA DEPARTMENT OF )
CORRECTIONS and ROBERT )
GILMORE, )
         Defendants. )

## MEMORANDUM OPINION[1]

Presently before the Court is Defendants' to Dismiss to Dismiss the Complaint, with a brief in support (ECF Nos. 13 and 14). Plaintiff was ordered to file an amended complaint or a response in opposition to the motion no later than December 21, 2016. (ECF No. 17). On December 2, 2017, Plaintiff filed a two page, untitled document which essentially reiterates the allegations in the complaint. (ECF No. 18). No further response has been filed by the Plaintiff.

**Factual Background**

On April 7, 2016, the Court received a complaint accompanied by a Motion to Proceed *in forma pauperis*. (ECF No. 1). The motion to proceed *in forma pauperis* was granted on April 26, 2016 and the Complaint was filed. (ECF Nos. 3 and 4).

Monteca D. Strange ("Plaintiff") is a Pennsylvania state prisoner incarcerated at the State Correctional Institution ("SCI") at Greene at the time of the filing of this complaint. He has since been transferred to the State Correctional Institution at Waymart. Plaintiff asserts a claim

---

[1]      All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq*.

1

of "mental cruelty." Plaintiff states that while at SCI Greene, a "substance unknown [was] used to cause brain damage because of information that has been obtained about the Freemasons. Plaintiff has learned to obtain 1,655,732,800.00" (ECF No. 4). He admits in the complaint that there is a prisoner grievance procedure at Greene, but that he did not file a grievance "because damage is done." *Id*. He also states that he did not complain to prison authorities about his allegation. *Id.* Named as defendants are the Pennsylvania Department of Corrections and Robert Gilmore.

## Standards of Review

A. <u>Pro Se Litigants</u>

*Pro se* pleadings are held to a less stringent standard than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). As such, a *pro se* complaint pursuant to 42 U.S.C. § 1983 must be construed liberally, *Hunterson v. DiSabato,* 308 F.3d 236, 243 (3d Cir. 2002), so "as to do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citations omitted). In other words, if the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir.1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc*., 296 F.3d 376, 378 (5th Cir. 2002). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

B. <u>Motion to Dismiss Pursuant to Rule 12(b)(6)</u>

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the complaint. When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.,* 62 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, -- U.S. --, 131 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.,* 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly,* such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting *Twombly*, and providing further guidance on the standard set forth therein).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must conduct a three-step analysis when considering a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130 (quoting *Iqbal,* 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement for relief.'" *Id*. (quoting *Iqbal,* 556 U.S. at 679).

The United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007).

**Discussion**

In their Motion to Dismiss, Defendants argue that Plaintiff's allegations are insufficient to allow a response and that under the PLRA, 38 USC § 1915(e)(2), the complaint should be dismissed for failure to state a claim. They also argue that there is no allegation of personal involvement by Superintendent Gilmore. In addition, they point to Plaintiff's admission in the complaint that he did not file a grievance concerning his claims and that amendment would be futile under the circumstances. (ECF Nos. 13 and 14). In a filing that is perhaps a response to the motion to dismiss, Plaintiff reiterates that an unknown substance that tastes like salt was given to him because of a statement he made about a mathematic equation. He also states that the substance caused him to suffer a memory loss. (ECF No. 18).

"In an effort to curb the number of prisoner filings in the federal courts, Congress enacted the PLRA ["Prison Litigation Reform Act"] which, as relevant here, mandates that prisoners exhaust internal prison grievance procedures before filing suit." *Small v. Camden Cty.*, 728 F.3d 265, 268–69 (3d Cir. 2013) (citing 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(a)). The exhaustion prerequisite of the PLRA provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § ] 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42

U.S.C. § 1997e(a). Exhaustion is a "threshold issue that *courts* must address to determine whether litigation is being conducted in the right forum at the right time[,]" and must "be determined by a judge, even if that determination requires the resolution of disputed facts." *Small*, 728 F.3d at 269-70 (citations omitted) (emphasis in original).

As recently stated by the Court of Appeals for the Third Circuit, to properly exhaust administrative remedies under the PLRA, "prisoners must complete the administrative review process in accordance with the applicable procedural rules, rules that are defined not by the PLRA, but by the prison grievance process itself." *Robinson v. Superintendent Rockview SCI*, 831 F.3d 148, 153 (3d Cir. 2016) (internal quotations and citations omitted). Courts are not given discretion to decide whether exhaustion should be excused, *Ross v. Blake*, 136 S. Ct. 1850, 1858, 195 L. Ed. 2d 117 (2016), and there is no "futility" exception to the administrative exhaustion requirement. *Ahmed v. Dragovich*, 297 F.3d 201, 206 (3d Cir. 2002) (citations omitted).

Failure to exhaust may be determined on a motion to dismiss where it is obvious from the face of the complaint. See *Toney v. Bledsoe*, 427 F. App'x. 74 (3d Cir. 2011); *McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010); *Austin v Beard*, 351 F. App'x, (3d Cir. 2009). *See also, Flight Sys., Inc. v. Elec. Data Sys. Corp.,* 112 F.3d 124, 127 (3d Cir.1997) (observing affirmative defenses may be considered on a Rule 12(b)(6) motion if the defense would "present[ ] an insuperable barrier to recovery by the plaintiff").

In this case, Plaintiff himself has acknowledged, and it is clear from the complaint, that he failed to file an administrative grievance concerning the allegations in his complaint. (ECF No. 4) Plaintiff was required and failed to exhaust his administrative remedies in accordance with the PLRA. Accordingly, the motion to dismiss filed by Defendants is granted and

Plaintiff's complaint is dismissed with prejudice. Further, Plaintiff will not be given an opportunity to amend, as amendment would be futile.

## Conclusion

For the reasons stated above, the Motion to Dismiss filed by Defendants will be granted and Plaintiff's complaint is dismissed with prejudice. A separate order follows.

DATED: February 7, 2017

                       By the Court:

                       s/ Cynthia Reed Eddy
                       Cynthia Reed Eddy
                       United States Magistrate Judge

cc:  MONTECA D. STRANGE
    HW-9945
    SCI Waymart
    PO BOX 256
    Waymart, PA 18472
    (via U.S. First Class Mail)

    all registered counsel via CM-ECF